IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CASSANDRE M. A. FERGUSON; | ) | CIVIL NO. 23-00161 JMS-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S MOTION TO SET |
| | ) | ASIDE SETTLEMENT AND TO |
| USABLE LIFE, | ) | GRANT IN PART AND DENY IN |
| | ) | PART DEFENDANT'S MOTION |
| Defendant. | ) | TO ENFORCE SETTLEMENT |
| | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO
SET ASIDE SETTLEMENT AND TO GRANT IN PART AND DENY IN PART
DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

Before the Court is Plaintiff Cassandre M. A. Ferguson's Motion to

Set Aside Settlement Agreement and Reinstating Plaintiff's Case (Motion to Set

Aside), filed September 13, 2023. See Plf's Mot., ECF No. 40. Defendant

USAble Life filed an opposition memorandum on October 17, 2023, see Def's

Opp., ECF No. 56, and Plaintiff filed a reply memorandum on November 1, 2023.

See Plf's Reply, ECF No. 62.

Also before the Court is Defendant's Motion to Enforce Settlement

(Motion to Enforce), filed on October 17, 2023. See Def's Mot., ECF No. 57.

Plaintiff filed an opposition on November 2, 2023, see Plf's Opp., ECF No. 63, and

Defendant filed a reply memorandum on November 9, 2023. See Def's Reply,

ECF No. 64.

The Court finds these Motions suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawai'i.  After careful consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion to Set Aside be DENIED and that Defendant's Motion to Enforce be GRANTED IN PART AND DENIED IN PART.[1]

## BACKGROUND

Plaintiff filed the instant action against Defendant on December 6, 2022 in state court.  See Complaint, ECF No. 1-2.  On April 6, 2023, Defendant removed the case to federal court.  See Notice of Removal, ECF No. 1.  On May 4, 2023, Plaintiff filed the First Amended Complaint (FAC), which alleges claims for discrimination based on Plaintiff's sex, race and disability, as well as violation of Hawaii Revised Statutes section 378-2 and 378-62.  See FAC, ECF No. 18 at ¶¶ 87-110.

On August 29, 2023, this Court held a Settlement Conference with the

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

parties.  See Minute Order, ECF No. 39.  Plaintiff was present at this Settlement Conference, as well as defense counsel Amanda Jones and Mallory Martin and Defendant's representatives, Kristin Ahern and Tatiana Nunneri.  See id.  During the Settlement Conference, a settlement of the case was reached.  See id.  A Settlement on the Record was held an hour later to allow the Court to attend to criminal hearings previously scheduled on the Court's calendar.

Present at the Settlement on the Record were Plaintiff, defense counsel Amanda Jones, and Defendant's representative Tatiana Nunneri.  At the Court's request, the agreed-upon terms of the settlement were stated by defense counsel, who noted the terms are to be kept confidential.  After defense counsel's recitation of the settlement terms, the Court asked all parties if there were any questions.  Defense counsel had no questions, and Plaintiff inquired about her personnel file, which the Court addressed.  The Court also found that "a good faith and binding settlement between the parties" had been reached.

After Plaintiff refused to execute the Draft Settlement Agreement proposed by Defendant, Plaintiff filed the Motion to Set Aside, see ECF No. 40, and Defendant filed the Motion to Enforce Settlement.  See ECF No. 57.  At issue in these Motions is whether the settlement reached on August 29, 2023 should be set aside or enforced.

DISCUSSION

## I.    The Oral Agreement Stated on the Record is Valid and Enforceable

"'[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994) (citation omitted); see Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." (citations omitted)).  A motion to enforce a settlement agreement "essentially is an action to specifically enforce a contract."  See Adams v. Johns-Manville Corp., 876 F.2d 702, 709 (9th Cir. 1989).  Federal courts apply state contract law principles when enforcing settlement agreements.  See O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004) (internal quotation and citations omitted); see also Boskoff v. Yano, 217 F. Supp. 2d 1077, 1085 (D. Haw. 2001) (applying Hawaii contract law to a motion to enforce a settlement).  As is the case in many jurisdictions, Hawaii law "favors the resolution of controversies through compromise or settlement rather than by litigation."  See State Farm Fire & Cas. Co. v. Pacific Rent–All, Inc., 978 P.2d 753, 761 (Haw. 1999) (citation omitted); see also Boskoff, 217 F. Supp. 2d at 1085.

"Where material facts concerning the existence or terms of an

agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." See Callie, 829 F.2d at 890 (emphases omitted). However, when the parties have placed their settlement on the record in court, there is "no need for an evidentiary hearing on whether an agreement existed, or what its terms were." See Doi v. Halekulani Corp., 276 F.3d 1131, 1139 (9th Cir. 2002).

Under Hawaii law, "[i]n order to be enforceable, a settlement agreement must have the traditional elements of a contract: offer, acceptance, consideration, and parties who have the capacity and authority to enter into the agreement." See Kaiaokamalie v. Matson Terminals, Inc., Civ. No. 13-00383 JMS-RLP, 2016 WL 7476336, at *4 (D. Haw. Dec. 29, 2016) (citing Amantiad v. Odum, 90 Haw. 152, 162, 977 P.2d 160, 170 (1999)). There must also be "mutual assent or a meeting of the minds as to all the essential elements of the contract." See id. (citation omitted). Importantly, "[a]n oral settlement agreement is binding on the parties." See Robinson v. Hyatt Corp., No. Civ. 12-00379 LEK, 2013 WL 4561122, at *2 (D. Haw. Aug. 12, 2013).

Plaintiff does not dispute that a settlement was reached and that she accepted the terms. See Plf's Motion; ECF No. 40 at 1 ("This [August 29, 2023 settlement] conference was presided over by Judge Wes Reber Porter, and an agreement was reached during this session."); Plf's Motion; ECF No. 40-1 at 5 ("On August 29, 2023, this court held a Settlement Conference where a settlement

agreement was reached[.]"); Plf's Motion; ECF No. 40-1 at 25 ("I do not dispute that the August 29, 2023 Settlement was orally accepted[.]").  There is no dispute that the settlement included an offer, acceptance, and consideration or that parties had the capacity and authority to enter into the settlement.

Plaintiff does dispute, however, whether there was a "meeting of the minds" as to the terms of the settlement placed on the record.  See Plf's Memo.; ECF No. 47 at 13-14; Plf's Reply, ECF No. 62 at 9-12; Plf's Opp., ECF No. 63 at 3, 5-6.  Plaintiff argues that the differences between the oral terms stated at the Settlement on the Record compared to the Draft Settlement Agreement, reveal discrepancies and ambiguities that establish a meeting of the minds did not occur. See Plf's Memo.; ECF No. 47 at 13-14; Plf's Reply, ECF No. 62 at 9-12; Plf's Opp., ECF No. 63 at 3, 5-6.  Specifically, Plaintiff asserts that the language regarding the mutual release of claims stated in the Draft Settlement Agreement is more detailed than what was discussed at the Settlement on the Record and that the Draft Settlement Agreement omits a term that was agreed to at the Settlement on the Record.  See Plf's Reply, ECF No. 62 at 10-12; Plf's Opp., ECF No. 63 at 4-6.

The Court reviewed the terms stated at the Settlement on the Record and acknowledges that the Draft Settlement Agreement is not a verbatim transcription of the Settlement on the Record.  Indeed, a more detailed written agreement typically follows an oral settlement on the record and such a writing

was anticipated by this Court.  Nevertheless, given the clear and explicit oral agreement placed on the record, the Court does not consider evidence extrinsic to the oral agreement, including the Draft Settlement Agreement or differences between the two.  See Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd., No. 16-CV-00669-YGR, 2018 WL 3570664, at *5 (N.D. Cal. July 25, 2018) (noting that the Court does not consider "evidence extrinsic to the oral settlement agreement placed on the record" where the language of the oral agreement is "clear and explicit").  In other words, the Court will not rely on the Draft Settlement Agreement to evaluate the validity or the terms of the oral settlement placed on the record.

Accordingly, the Court finds, based on its participation in the Settlement Conference and the Settlement on the Record as well as its review of the oral settlement agreement and documents before the Court, that a meeting of the minds occurred as to the terms recited at the Settlement on the Record.[1]

The terms recited at the Settlement on the Record were clear and the Court gave Plaintiff an opportunity to raise questions or concerns about the settlement terms.  Although Plaintiff asked a question about an issue relating to her

---

[1] The Court need not and does not opine on whether the Draft Settlement Agreement accurately reflects the terms stated during the August 29, 2023 Settlement on the Record.  As noted below, the Court finds that the oral agreement placed on the record is valid and enforceable and does not opine on the whether the Draft Settlement Agreement perfectly restates the terms recited on the record.

personnel file, which was not a term of the settlement and which the Court

addressed, she voiced no other concerns and did not question the Court's finding of

"a good faith and binding settlement between the parties." Accordingly, based on

the Court's participation in the Settlement Conference and the discussion held

during the Settlement on the Record, the Court finds that the oral agreement placed

on the record included all of the elements of a contract and therefore finds that it is

valid and enforceable. See Kaiaokamalie, 2016 WL 7476336, at *4; see also

Robinson, 2013 WL 4561122, at *2 ("An oral settlement agreement is binding on

the parties."). Additionally, considering the parties placed their settlement on the

record in court, the Court further finds that there is "no need for an evidentiary

hearing on whether an agreement existed, or what its terms were." See Doi, 276

F.3d at 1139.

## II.    Recission of the Oral Agreement is Not Proper Absent a Finding of Bad Faith or Fraud

Notwithstanding this Court's finding that the oral agreement placed

on the record is valid and enforceable, Plaintiff argues that the agreement should

be rescinded due to bad faith and fraudulent conduct by Defendant. See Plf's

Motion, ECF No. 40-1 at 5-6, 12, 15, 22, 24-25; Plf's Memo., ECF No. 47 at 3, 5,

8-10, 16; Plf's Reply, ECF No. 62 at 4-5, 13-16, 19-20, 22; Plf's Opp., ECF No. 63

at 2-3, 6-7.

"[W]here the evidence in the record shows that all the essential

elements of a contract are present, a compromise agreement among the parties in litigation may be approved by the court and cannot be set aside except on grounds that would justify rescission." Kaiaokamalie, 2016 WL 7476336, at *4 (D. Haw. Dec. 29, 2016) (citing Miller v. Manuel, 9 Haw. App. 56, 63, 828 P.2d 286, 291 (1991)). According to the Hawaii courts, "in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." See Edwards v. Trade Pub. Ltd., CIV. 12-00023 SOM, 2013 WL 1296277, at *3 (D. Haw. Mar. 27, 2013) (quoting Miller, 9 Haw. App. at 63, 828 P.2d at 291) (internal quotations omitted).

Plaintiff asserts that Defendant acted in bad faith and fraudulently by failing to produce certain documents prior to the Settlement Conference. See Plf's Motion, ECF No. 40-1 at 12, 15; Plf's Memo., ECF No. 47 at 9; Plf's Reply, ECF No. 62 at 5, 13-16, 19-20, 22; Plf's Opp., ECF No. 63 at 6-7. Specifically, Plaintiff asserts that, although Plaintiff requested this information, Defendant did not (1) produce its insurance policy or inform Plaintiff about its insurance coverage, see Plf's Motion, ECF No. 40-1 at 15-17; Plf's Memo., ECF No. 47 at 9; Plf's Reply, ECF No. 62 at 5, 19-20; Plf's Opp., ECF No. 63 at 6-7, or (2) produce all relevant information regarding complaints made to Defendant about Plaintiff's manager, Gary Smith. See Plf's Motion, ECF No. 20; Plf's Reply, ECF No. 62 at 5, 13-16, 19-20, 22; Plf's Opp., ECF No. 63 at 7. Plaintiff argues that, "[h]ad [she]

9

received the documents and emails that [she] requested [she] would have been in a more advantageous position, and . . . would have been able to achieve a more favorable settlement."  See Plf's Motion, ECF No. 40-1 at 12.

Plaintiff's allegations that Defendant did not produce the foregoing documents is in essence a discovery dispute, which is not properly before the Court.  After Plaintiff had filed the present Motion to Set Aside, the Court issued a Minute Order striking any argument concerning discovery and noting that "any disputes or concerns regarding discovery should have been raised at the appropriate time and by motion."  See Minute Order, ECF No. 45.  No discovery motions were filed in this case, and Plaintiff could have raised these issues prior to the Settlement Conference or sought a continuance of the Conference to allow time for such discovery issues to be resolved.  However, at this late in the game, Plaintiff cannot now seek to set aside the settlement placed on the record by raising discovery issues or labeling them as "bad faith" and "fraud."

Moreover, even if the Court considered the merits of these discovery disputes, the Court is not persuaded that Defendant's conduct was in bad faith or fraudulently induced Plaintiff to settle this case.  See Hawaii Cmty. Fed. Credit Union v. Keka, 94 Haw. 213, 230, 11 P.3d 1, 18 (2000) (noting fraudulent inducement requires (1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably

10

believed true by the other party, and (4) upon which the other party relies and acts

to her damage); Bank of Hawaii v. Kunimoto, 91 Haw. 372, 390, 984 P.2d 1198,

1216 (1999) (defining bad faith as "actual or constructive fraud or a neglect or

refusal to fulfill some duty not prompted by an honest mistake as to one's rights or

duties, but by some interested or sinister motive") (citations, internal quotations

and ellipses omitted).  Accordingly, the Court finds that Plaintiff has not

established that Defendant acted in bad faith or fraudulently and recommends that

the terms of the oral settlement placed on the record on August 29, 2023 be

enforced.  See Kaiaokamalie, 2016 WL 7476336, at *4.

## III.    The Parties' Requests for Sanctions Are Denied

Plaintiff asks the Court to impose sanctions of fees and costs on

Defendant for acting in bad faith and fraudulently.  See Plf's Motion, ECF No. 40

at 2, ECF No. 40-1 at 5; Plf's Memo., ECF No. 47 at 18; Plf's Reply, ECF No. 62

at 5, 22.  Similarly, Defendant moves for attorneys' fees as a sanction for

Plaintiff's failure to execute the Draft Settlement Agreement in bad faith and for

frivolously filing the Motion to Set Aside.  See Def's Opp., ECF No. 56 at 5, 25-

27; Def's Motion, ECF No. 57 at 2, 9; Def's Reply, ECF No. 64 at 2, 9.

A district court's enforcement power includes the authority to award

damages for failure to comply with a settlement agreement.  See WIHC LLC v.

NextGen Lab'ys, Inc., No. CV 18-00261 JMS-WRP, 2020 WL 5032055, at *8 (D.

11

Haw. July 30, 2020) (citing <u>TNT Marketing, Inc. v. Agresti</u>, 796 F.2d 276, 278

(9th Cir. 1986)).  "Inherent-power sanctions must 'be preceded by a finding of bad

faith, or conduct tantamount to bad faith.'"  <u>Id.</u> (citing <u>Fink v. Gomez</u>, 239 F.3d

989, 994 (9th Cir. 2001)).  Additionally, Hawaii Revised Statutes 607-14.5 allows

a court to grant a party an award of attorneys' fees when it finds that all or a

portion of the opposing party's claim was frivolous.  <u>See id.</u> (citing Haw. Rev. Stat.

§ 607-14.5).  "A frivolous claim is a 'claim so manifestly and palpably without

merit, so as to indicate bad faith on the pleader's part such that argument to the

court was not required.'"  <u>See</u> <u>Tagupa v. VIPDesk</u>, 135 Haw. 468, 479, 353 P.3d

1010, 1021 (2015) (citations and internal brackets omitted).  "A finding of

frivolousness is a high bar; it is not enough that a claim be without merit, there

must be a showing of bad faith."  <u>See id.</u> (citations omitted).

          As discussed above, the Court declines to find that Defendant acted

act in bad faith or fraudulently.  Additionally, the Court is not persuaded that

Plaintiff's decision not to sign the Draft Settlement Agreement or to bring the

Motion to Set Aside was done in bad faith or frivolously.  Accordingly, the Court

declines to sanction either party in this case.

CONCLUSION

          The Court FINDS and RECOMMENDS that Plaintiffs' Motion to Set

Aside Settlement Agreement be DENIED, <u>see</u> ECF No. 40, and that Defendant's

12

Motion to Enforce Settlement be GRANTED IN PART AND DENIED IN PART,

see ECF No. 57, as follows:

1.  FIND that the parties entered into a valid and enforceable oral

    settlement agreement that was placed on the record on August 29,

    2023;

2. ORDER that the settlement terms stated on the record on August

    29, 2023 be enforced;

3. ORDER that the parties submit a stipulation for dismissal of this

    case within forty-five days of the Court's adoption of this Findings

    and Recommendation; and

4. DENY the Motion to Enforce Settlement in all other respects,

    including denial of Defendants' request for attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, December 27, 2023.



_____
Wes Reber Porter
United States Magistrate Judge

Ferguson v. USAble Life; CIVIL NO. 23-00161 JMS-WRP; FINDINGS AND
RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO SET ASIDE
SETTLEMENT AND TO GRANT IN PART AND DENY IN PART DEFENDANT'S
MOTION TO ENFORCE SETTLEMENT.